# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

**IN RE ROGER NEIL WELLS,**

    Debtor.

---

| | |
|---|---|
| **ROGER NEIL WELLS,** | ) |
|     Appellant, | ) Case No. 1:07CV00048 |
| v. | ) **OPINION AND ORDER** |
| **CHARLIE R. JESSEE, TRUSTEE,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
|     Appellee. | ) |

*Roger Neil Wells, Pro Se Appellant; William E. Callahan, Jr., LeClair Ryan, A Professional Corporation, Roanoke, Virginia, for Appellee.*

In this appeal from United States Bankruptcy Court for the Western District of Virginia, the appellee has moved to dismiss the appeal alleging that the appellant's notice of appeal was untimely filed. For the reasons that follow, I will deny the motion.

On April 10, 2007, the United States Bankruptcy Court for the Western District of Virginia entered an order imposing sanctions against the appellant and directing the United States Marshal to apprehend him. This order stemmed from the

appellant's failure to comply with a court order requiring him to appear at a meeting of creditors on March 27, 2007.

On April 23, 2007, a notice of appeal from the April 10, 2007 order was filed in the bankruptcy court. The record reflects that the notice of appeal was mailed by the appellant from California on April 17, 2007.

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed within ten days of the entry of the order being appealed. This deadline is jurisdictional. The appellee argues that the present appeal should be dismissed because the notice of appeal was not received by the clerk until April 23, 2007—well outside the ten days allowed by the rule. The appellant has not responded to the present motion.

Generally, the timeliness of the filing of a notice of appeal is computed on the date the notice is actually filed with the clerk of the court, not the date it is placed in the mail. *See Houston v. Lack*, 487 U.S. 266, 274 (1988). However, in the context of appeals from bankruptcy court to district court, the Fourth Circuit has embraced the "mailbox rule."[1] Fourth Circuit precedent requires the timeliness of a bankruptcy appeal to be computed from the date the notice is mailed to the bankruptcy court, not

---

[1] Under the mailbox rule, "a notice of appeal is 'filed' at the moment it is placed in the mail addressed to the clerk of the court . . . . " *Houston*, 487 U.S. at 274.

the date the notice is actually received by the clerk. *See Hovermale v. Pigge (In re Pigge)*, 539 F.2d 369, 371 (4th Cir. 1976); *see also Higgins Oil Co., Inc. v. Shaw's Plumbing & Heating Co. Inc. (In re Shaw's Plumbing & Heating Co. Inc.),* 1 B.R. 219, 221 (W.D. Va. 1979). *Contra Chrysler Motors Corp. v. Schneiderman*, 940 F.2d 911, 914 (3d Cir. 1991); *Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d 410, 413 (6th Cir. 1982); *Bad Bubba Racing Products, Inc. v. Huenefeld (In re Bad Bubba Racing Products, Inc*.), 609 F.2d 815, 816 (5th Cir. 1980); *Ramsey v. Ramsey (In re Ramsey)*, 612 F.2d 1220, 1223 (9th Cir. 1980). Therefore, a notice of appeal is deemed timely if the record demonstrates that it was mailed within ten days of the entry of the order appealed from.

Here, the record demonstrates that the notice of appeal from the April 10, 2007 order was postmarked on April 17, 2007. Thus, it was deemed to have been filed on that date and not April 23, 2007. Accordingly, the notice of appeal was timely filed in this case.

For the reasons stated, it is **ORDERED** that the Motion to Dismiss the appeal is DENIED.

ENTER: July 2, 2007

/s/ JAMES P. JONES
Chief United States District Judge

-3-